Circuit Court for Wicomico County
Case No. C-22-CR-21-000030
Argued: March 2, 2023

IN THE SUPREME COURT

OF MARYLAND*

No. 24

September Term, 2022
_____

ROBERT L. FOOKS

v.

STATE OF MARYLAND
_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.
_____

Per Curiam Order
Gould, J., dissents.
_____

Filed: August 15, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

*During the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

|                      | * | IN THE               |
|----------------------|---|----------------------|
| ROBERT L. FOOKS      | * | SUPREME COURT        |
| v.                   | * | OF MARYLAND          |
| STATE OF MARYLAND    | * | No. 24               |
|                      | * | September Term, 2022 |
|                      | * |                      |

# O R D E R

Upon consideration of the State's unopposed motion to stay this case pending a decision by the United States Supreme Court in *United States v. Rahimi*, Docket No. 22-915, October Term, 2023, it is this 15th day of August 2023, by the Supreme Court of Maryland, a majority of the Court concurring,

ORDERED that the motion is granted; and it is further

ORDERED that, pending a decision by the United States Supreme Court in *United States v. Rahimi*, Docket No. 22-915, October Term, 2023, this case is stayed. Upon a final disposition by the United States Supreme Court in *Rahimi*, the parties shall promptly notify the Clerk and propose a schedule for supplemental briefing.

/s/ Matthew J. Fader
Chief Justice

IN THE SUPREME COURT

OF MARYLAND*

No. 24

September Term, 2022

_____

ROBERT L. FOOKS

v.

STATE OF MARYLAND

_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

_____

Dissenting Opinion by Gould, J.

_____

Filed: August 15, 2023

*During the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

Respectfully, I dissent from the Court's Order staying this case pending the Supreme Court of the United States' disposition of *United States v. Rahimi*, No. 22-915, 2023 WL 4278450 (U.S. Jun. 30, 2023).

The State filed an Unopposed Motion to Stay this case pending the outcome of *Rahimi*, arguing that:

> [T]he U.S. Supreme Court undoubtedly will clarify the scope of the Second Amendment—particularly whether restrictions on the possession of firearms by non-felons are constitutional—and will offer further guidance on how to apply the new standard for assessing Second Amendment claims enunciated in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Furthermore, the U.S. Supreme Court likely will address some of same [sic] historical sources and arguments that the parties have discussed in *Fooks*. In sum, the U.S. Supreme Court's forthcoming decision in *Rahimi* will surely overlap with the issues and arguments currently before this Court in *Fooks*.

Resp't's Unopp'd Mot. to Stay 2.

In my view, the State has not offered a sufficient reason to stay this case. First, the issue in *Rahimi* is fundamentally different than the one presented here. In *Rahimi*, the Supreme Court granted certiorari to decide the following question: "Whether 18 U.S.C. 922(g)(8), which prohibits the possession of firearms by persons subject to domestic-violence restraining orders, violates the Second Amendment on its face." There, the statute at issue is a federal statute; the statute at issue here is a Maryland statute. That difference alone warrants a different constitutional analysis under the system of federalism established in the United States Constitution.

Moreover, even if the Supreme Court's analysis in *Rahimi* could be helpful, so what? This Court grants certiorari when it is "desirable and in the public interest." Md.

Code Ann. (1974, 2020 Repl. Vol.), Cts. & Jud. Proc. § 12-203. We did so here. Our job, therefore, is to decide this case by applying the governing principles of law as they now exist. As Chief Judge Bell put it when dissenting from the dismissal of a writ of certiorari as improvidently granted:

> The Court of Appeals has a responsibility to decide any case properly presented that meets the threshold criteria: presenting issues that it is desirable and in the public interest to decide. That responsibility, as to any issue, may be triggered by such considerations as novelty, complexity, conflicting precedents, impact or importance and the breadth or extent thereof and likelihood of recurrence.

*Koenig v. State*, 368 Md. 150, 151 (2002) (Bell, C.J., dissenting).

The case has been fully briefed and argued, and is awaiting this Court's decision. There's no need or compelling reason to wait for the Supreme Court's decision in *Rahimi*. And in doing so, we are passing on the opportunity to weigh in on an issue of significant local and national importance, which is unfortunate, to say the least.

Accordingly, I respectfully dissent.